UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTANCE MARIA AGEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GP EQUITIES, INC.; AKS EQUITIES, INC.; SAGE POINT LENDER SERVICES, LLC; RESIDENTIAL CREDIT SOLUTIONS, INC.; VENDOR RESOURCE MANAGEMENT; AND THE SECERETARY OF VETERANS AFFAIRS,<br><br>　　　　Defendants. | No. 2:15-cv-1015-TLN-KJN<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR TRO** |

**Background**

　　This matter concerns the property at 4136 Stonecutter Way, North Highlands, CA 95660, where Plaintiff resides.[1]

　　On May 11, 2015, Plaintiff Constance Marie Agee ("Plaintiff") filed a complaint against Defendants GP Equities, Inc., AKS Equities, Inc., Sage Point Lender Services, LLC, Residential Credit Solutions, Inc., Vendor Resource Management, and the Secretary of Veterans Affairs (the "VA") (collectively "Defendants"). (ECF No. 1.)  Plaintiff also filed a motion for a temporary restraining order ("TRO") (ECF No. 2) and a motion to proceed in forma pauperis (ECF No. 3).

---

[1] It appears both Plaintiff and her husband reside at the property.

1

The present Order concerns Plaintiff's TRO motion.

According to Plaintiff, under the original deed of trust to the property, dated November 17, 1997, the Secretary of Veterans Affairs (the "VA") was the loan guarantor; the American National Mortgage Association was the original Lender; and Fidelity National Title was the Beneficiary.  (ECF No. 2 at 3.)

However, according to Plaintiff, the property was subsequently transferred several times without the proper procedures for substituting a new trustee and/or beneficiary.  On March 14, 2014, a "Notice of Default and Election to Sell and a Substitution of Trustee" was entered.  On July 29, 2014, a Trustee's Notice of Sale was recorded, while a loan modification was under review.  On August 25, 2014, the property was sold at public auction, to Defendants GP Equities, Inc. and AKS Equities, Inc.  Plaintiff states that Defendant Sage Point Lender Services, LLC "commenced foreclosure proceedings without the required appraisal or the approval of the [VA] with evidence of a Declaration of Default and Demand for Sale instrument."  (ECF No. 2 at 3–4.)

The Complaint brings causes of action for: 1) breach of contract; 2) negligent misrepresentation; 3) injunctive relief; and 4) to quiet title.  (ECF No. 1 at 5–10.)

The "Notice to Vacate" attached to Plaintiff's TRO motion states that Plaintiff must give up possession of the property by May 9, 2015.  (ECF No. 2 at 9.)  Plaintiff's TRO motion seeks to "prohibit the defendants from proceeding with possession of the property and eviction, or reselling the real property until case completion."  (ECF No. 2 at 7.)

Plaintiff states she has recently learned facts that support the instant TRO motion. Specifically, in April, 2015, her husband, Monroe Thompson, "contact[ed] the [VA] regarding his entitlement due to the sale of the property."  (ECF No. 2 at 4.)  On May 7, 2015, "a verification letter in response to his inquiry was received by Mr. Thompson evidencing the property was and is acquired by [the VA] and his Entitlement is zero until the loan is paid in full."  (ECF No. 2 at 4.)  Later that day, Plaintiff called the VA and verified that the VA had no knowledge that the property had been sold to Defendants.  (ECF No. 2 at 5.)  According to Plaintiff, among other violations, the foreclosure process conducted by Defendants violates the Anti-Assignment Act, 31 U.S.C. § 3727, which invalidates the assignment of government contracts unless specific

conditions are met. *See Ham Investments, LLC v. United States*, 388 F. App'x 958, 959 (Fed. Cir. 2010).

**Analysis**

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, **i**n an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. *See* Fed. R. Civ. P. 65. It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction. Local Rule 231(a); *see also Aiello v. One West Bank*, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) ("Temporary restraining orders are governed by the same standard applicable to preliminary injunctions.") (internal quotation and citations omitted).

Therefore, the party requesting injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), they are not immune from the Federal Rules of Civil Procedure. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. *Caribbean Marine Serv. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).

At this juncture, there are not enough facts for the Court to determine that Plaintiff will likely prevail on one or more claims in the Complaint. The main theory of liability cited by Plaintiff appears to be the Anti-Assignment Act, 31 U.S.C. § 3727, which invalidates the assignment of government contracts unless specific conditions are met. Plaintiff also references Cal. Civ. Code § 2924(a)(6),[2] which provides:

---

[2] Plaintiff's request for judicial notice references a number of statutes, which are allegedly violated or at least

> No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest. No agent of the holder of the beneficial interest under the mortgage or deed of trust, original trustee or substituted trustee under the deed of trust may record a notice of default or otherwise commence the foreclosure process except when acting within the scope of authority designated by the holder of the beneficial interest.

At this time it is not possible to determine that these statutes have been violated. Plaintiff states she called the VA, which informed her it did not know the property had been sold. Plaintiff's filings also contain numerous documents, such as the "Mortgage Audit Report for Monroe Mayhue Thompson & Constance Thompson," which determined that there were missing documents or defects in documents required to be held by the foreclosing party. (*See e.g.* ECF No. 7 at 22.) However, without hearing any opposition by Defendants at this time, the Court cannot make a finding that the alleged violations have occurred.

Plaintiff's filings do not describe her obligations under the original loan, and/or if she breached those obligations.[3] Plaintiff states that in July, 2014, a notice of trustee's sale was recorded while a loan modification application was pending, but makes no more specific allegation on this point. (ECF No. 2 at 2.) Plaintiff states she was informed by the VA, during the May 7, 2015 telephone conversation, that "because the loan is guaranteed by the VA with government funds, the money must come back to the VA and per the Deed of Trust have approval to be assumed." (ECF No. 2 at 6) However, the relevance of this statement is not clear without more information regarding Plaintiff's payment history or other obligations under the loan.

The Court stresses that denial of the instant TRO motion has no bearing on the ultimate analysis of Plaintiff's claims, once Defendants have responded. However at this juncture, the facts as alleged by Plaintiff are insufficient for the Court to make the finding that Plaintiff's

---

implicated: Cal. Civ. Code §§ 2934 and 2924(a)(6); Cal. Penal Code § 115.5; Cal. Comm. Code § 3308; Fed. R. Evid. 1002; Assembly Bill 1599; Uniform Com. Code, Art. 3; 31 U.S.C. §§ 3727, 3732, and 3729. (*See* ECF No. 7.) The Court has reviewed and considered the filings in Plaintiff's request for judicial notice, but given no opportunity for Defendants to respond, declines to take judicial notice of the filing, as a whole, at this time.

[3] Plaintiff states that the "loan was sold." (ECF No. 2 at 5.)

1  claims would be successful.  Therefore, the application for a temporary restraining order (ECF
2  No. 2) is DENIED.[4]
3  Dated:  May 13, 2015

                                          Troy L. Nunley
                                          United States District Judge

---

[4] Plaintiff's motion to proceed in forma pauperis (ECF No. 3) will be addressed separately.  Plaintiff's notice of related cases (ECF No. 5) will also be addressed at a later date, if these cases remain open.  However, Plaintiff is advised that this Court cannot join the present matter to a state court action for unlawful detainer, or to a pending federal bankruptcy action.