1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CONSTANCE MARIA AGEE,                    No.  2:15-cv-1015-TLN-KJN PS

12              Plaintiff,

13         v.                                  ORDER

14    THE SECRETARY OF VETERANS
      AFFAIRS, et al.,
15

16              Defendants.

17

18         Plaintiff Constance Maria Agee, who proceeds in this action without counsel, has

19    requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 3.)[1]

20    Plaintiff's application in support of her request to proceed *in forma pauperis* makes the showing

21    required by 28 U.S.C. § 1915.  Accordingly, the court grants plaintiff's request to proceed *in*

22    *forma pauperis*.

23         The determination that a plaintiff may proceed *in forma pauperis* does not complete the

24    required inquiry.  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any

25    time if it determines that the allegation of poverty is untrue, or if the action is frivolous or

26    malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

27    _____

28    [1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C.
      § 636(b)(1).

                                          1

1  an immune defendant.

2        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

3  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

4  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

5  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

6  490 U.S. at 327.

7        To avoid dismissal for failure to state a claim, a complaint must contain more than "naked

8  assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of

9  action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

10  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

11  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

12  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

13  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

14  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

15  at 678.  When considering whether a complaint states a claim upon which relief can be granted,

16  the court must accept the factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007),

17  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

18  U.S. 232, 236 (1974).

19        Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21

20  (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear

21  that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma

22  pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal.  See Noll

23  v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th

24  Cir. 1984).

25        Plaintiff's 82-page complaint in this case is rambling, confusing, and contains numerous

26  attached documents and exhibits.  Nevertheless, liberally construed, plaintiff appears to allege

27  that her real property located at 4136 Stonecutter Way in North Highlands, California was

28  wrongfully foreclosed on August 25, 2014.  According to plaintiff, the loan/mortgage was

transferred several times without the proper procedures for substituting a new trustee and/or

beneficiary, among other irregularities.  Defendants GP Equities Inc. and AKS Equities Inc.

purchased the property at the foreclosure sale, and the other defendants (the Secretary of Veterans

Affairs, Vendor Resource Management, Residential Credit Solutions Inc., and Sage Point Lender

Services LLC) were all somehow involved with plaintiff's loan/mortgage as purported lenders,

beneficiaries, trustees, and/or loan servicers.  It also appears that Defendants GP Equities Inc. and

AKS Equities Inc. commenced an unlawful detainer action in state court, attempting to remove

plaintiff from the property, and that a writ of possession of real property was issued in that

action.[2]  Plaintiff's complaint purports to assert causes of action for:  (1) breach of contract; (2)

negligent misrepresentation; (3) injunctive relief; and (4) quiet title.  Plaintiff seeks relief in the

form of a judgment that she is the owner of the property and that the defendants have no interest

in the property; injunctive relief prohibiting defendants from trespassing on the property or in any

way interfering with plaintiff's rights to the property; and return of all payments made to

defendants.  (See ECF No. 1.)

Plaintiff's complaint fails to plead sufficient facts to state a claim on which relief can be

granted.  Although plaintiff vaguely alleges irregularities in the transfer of the loan/mortgage, the

substitution of a trustee, and the foreclosure sale, she does not allege how such irregularities

actually prejudiced her.  See Siliga v. Mortgage Electronic Registration Systems, Inc., 219 Cal.

App. 4th 75, 85 (2013); Moriarity v. Nationstar Mortg., LLC, 2014 WL 801021, at *4 (E.D. Cal.

Feb. 27, 2014).

Furthermore, despite labeling her causes of action "breach of contract"; "negligent

misrepresentation"; "injunctive relief"; and "quiet title," plaintiff essentially seeks to set aside the

foreclosure sale and quiet title in her name.  However, she fails to allege that she tendered the full

amount owed on the loan.  "Under California law, in an action to set aside a trustee's sale, a

plaintiff must demonstrate that he has made a valid and viable tender of payment of the

indebtedness.  A plaintiff must (1) demonstrate a willingness to pay and (2) show the ability to

---

[2] The district judge has already denied plaintiff's application for a temporary restraining order ("TRO") to prevent plaintiff's eviction from the property in the state court proceedings.

1    pay." Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1183-84 (N.D. Cal.

2    2009) (internal citations and quotation marks omitted).

3         In light of the above deficiencies, the court dismisses plaintiff's complaint, but with leave

4    to amend.  If plaintiff elects to file an amended complaint, it shall be captioned "First Amended

5    Complaint"; shall be limited to 20 pages (including any attachments); and shall cure the above-

6    mentioned deficiencies, if plaintiff can do so in good faith within the strictures of Federal Rule of

7    Civil Procedure 11.  Plaintiff is advised that, upon review of any first amended complaint, the

8    court may, if appropriate, require plaintiff to deposit with the Clerk of Court tender of the full

9    amount of unpaid debt due on the loan at issue before plaintiff's claims will be allowed to

10   proceed.

11        Alternatively, if plaintiff concludes that she is unable to cure the deficiencies or no longer

12   wishes to pursue the action at this time, she may instead file a notice of voluntary dismissal of the

13   action without prejudice.

14        Accordingly, IT IS HEREBY ORDERED that:

15        1.  Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is granted.

16        2.  Plaintiff's complaint is dismissed, but with leave to amend.

17        3.  Within 28 days of this order, plaintiff shall either (a) file a first amended complaint in

18            accordance with the requirements of this order or (b) file a notice of voluntary

19            dismissal of the action without prejudice.

20        4.  Failure to file either a first amended complaint or a notice of voluntary dismissal by

21            the required deadline may result in the imposition of sanctions, including potential

22            dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure

23            41(b).

24        IT IS SO ORDERED.

25   Dated:  August 5, 2015

26

27   _____
     KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

28

4