UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTANCE MARIA AGEE,<br><br>  Plaintiff,<br><br>  v.<br><br>THE SECRETARY OF VETERANS AFFAIRS, et al.,<br><br>  Defendants. | No. 2:15-cv-1015-TLN-KJN PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

On August 5, 2015, the court granted plaintiff's request to proceed *in forma pauperis* and dismissed plaintiff's original complaint with leave to amend. (ECF No. 9.)[1] More specifically, the court directed plaintiff, within 28 days of the order, to file either (a) a first amended complaint or (b) a notice of voluntary dismissal of the action without prejudice. (Id.) Plaintiff was cautioned that failure to file either a first amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (Id.)

Plaintiff ultimately failed to file either a first amended complaint or a notice of voluntary dismissal as ordered. At that time, the court considered whether the action should be dismissed.

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21).

1

Nevertheless, in light of plaintiff's *pro se* status and the court's desire to resolve the action on the merits, the court first attempted lesser sanctions in the form of an order to show cause and minimal monetary sanctions.[2] On September 9, 2015, the court issued an order requiring plaintiff, no later than October 1, 2015, to (a) pay the Clerk of Court $150.00 in monetary sanctions based on plaintiff's failure to comply with the court's order and failure to prosecute her case and (b) show cause in writing why the action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 10.) The court also provided plaintiff with an additional opportunity to file an amended complaint by October 1, 2015. (Id.) Plaintiff was again cautioned that failure to timely comply with the court's order would result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (Id.)

Although the applicable deadline has now passed, plaintiff again failed to file a first amended complaint, failed to pay the monetary sanctions, and failed to respond to the court's order to show cause. Nor did plaintiff even attempt to seek an extension of time to comply with the court's order, supported by good cause.

The court's record also does not show that any of the court's orders had been returned to the court as undeliverable. Nevertheless, even if they had been, it is plaintiff's duty to keep the court informed of her current address, and service of the court's orders at the address on record was effective absent the filing of a notice of change of address. In relevant part, Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

In light of the above, the court recommends dismissal at this juncture.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of

---

[2] The amount of monetary sanctions imposed was minimal especially in light of plaintiff's *in forma pauperis* status.

any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali, 46 F.3d at 53.  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, on balance the five relevant factors weigh in favor of dismissal here.

The first two Ferdik factors strongly support dismissal, given that plaintiff's failure to comply with the court's orders and failure to prosecute her case have unreasonably delayed the progress of this litigation.

The third Ferdik factor is somewhat difficult to evaluate in this case, because no defendant has yet appeared in this action.  However, undue delay is generally presumed to be prejudicial to an opposing party, because evidence becomes stale and potentially unavailable with the passing of time.  Thus, at a minimum, the third Ferdik factor does not counsel against dismissal.

Additionally, the fifth Ferdik factor, which considers the availability of less drastic measures, supports dismissal.  In this case, the court has previously pursued remedies that are less drastic than a recommendation of dismissal.  Indeed, in an attempt to avoid the harsh sanction of dismissal, the court first attempted lesser sanctions in the form of an order to show cause and minimal monetary sanctions.  The court also provided plaintiff with an additional opportunity to file a first amended complaint.  Unfortunately, those efforts were unsuccessful.  Furthermore, the court finds no suitable alternative to dismissal at this juncture.  Given plaintiff's complete failure to respond to the court's prior orders and plaintiff's *in forma pauperis* status, the imposition of further monetary sanctions would be futile, and the court is unable to frame any meaningful issue or evidentiary sanctions based on the limited record before it.

Finally, the court finds that the fourth Ferdik factor, which addresses the public policy favoring disposition of cases on the merits, does not preclude dismissal.  If anything, a disposition on the merits has been hindered by plaintiff's own failure to comply with the court's orders and prosecute her case.

    Consequently, after carefully evaluating and weighing the <u>Ferdik</u> factors, the court finds that dismissal is appropriate.

    Accordingly, for the reasons outlined above, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).
2. The Clerk of Court be directed to vacate all dates and close this case.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

    IT IS SO RECOMMENDED.

Dated:  October 5, 2015

                                                               */s/ Kendall J. Newman*
                                                               KENDALL J. NEWMAN
                                                               UNITED STATES MAGISTRATE JUDGE